IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICIA ELIZABETH NOSIE, ) | CIVIL NO. 10-00062 ACK-LEK |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ASSOCIATION OF FLIGHT ) | |
| ATTENDANTS - CWA, AFL-CIO, ) | |
| Namely: MARK C. STOTIK (2010- ) | |
| 001), ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**FINDING AND RECOMMENDATION THAT
<u>CASE BE DISMISSED WITHOUT PREJUDICE</u>**

Pursuant to Rule 16(a) of the Federal Rules of Civil Procedure, on February 3, 2010, Chief United States District Judge Susan Oki Mollway issued an order setting the Rule 16 Scheduling Conference in this matter for May 3, 2010.  Pro se Plaintiff Patricia Elizabeth Nosie ("Plaintiff") failed to appear at the May 3, 2010 conference.  This Court set a Further Rule 16 Scheduling Conference for July 26, 2010.  Plaintiff failed to appear at the July 26, 2010 conference.  Plaintiff also failed to file a scheduling conference statement, as required by Rule LR16.2(b) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").

Courts do not take failure to comply with court orders lightly.  Federal Rule of Civil Procedure 16(f)(1) provides, in pertinent part:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
> (A) fails to appear at a scheduling or other pretrial conference;
> . . . .
> (C) fails to obey a scheduling or other pretrial order.

Pursuant to Rule 16(f)(1)(A), the district judge may "dismiss[] the action or proceeding in whole or in part" if a party fails to appear at a scheduling conference or fails to comply with a pretrial order.  See Fed. R. Civ. P. 37(b)(2)(A)(v).

Plaintiff failed to comply with the order setting the Further Rule 16 Scheduling Conference and failed to file the required scheduling conference statement.  Plaintiff called the courtroom after the time for her scheduling conference had passed and this Court had adjourned its calendar for the morning.  Plaintiff stated that she forgot about the scheduling conference because she was working on her amended complaint, which she filed on July 28, 2010.  The Court, however, will not excuse Plaintiff's oversight because this is the second time that Plaintiff has failed to appear before this Court.  Although Plaintiff's phone call and her filing of the amended complaint indicate that she does wish to prosecute this case, this Court finds that Plaintiff has failed to prosecute her case **in the manner required by the Federal Rules of Civil Procedure and the Local Rules.**  Although pro se litigants are held to less

stringent standards than those of their legal counterparts, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003), Plaintiff's pro se status cannot excuse her from complying with the procedural or substantive rules of the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); see also United States v. Bell, 27 F. Supp. 2d 1191, 1197 (E.D. Cal. 1998).

After weighing the five dismissal factors set forth in Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000),[1] the Court finds that the public interest in the expeditious resolution of this litigation and the court's interest in managing the docket strongly outweigh the policy favoring disposition of cases on the merits. Moreover, the defendants will not be prejudiced, and there are no less drastic alternatives available at this time.

In accordance with the foregoing, this Court RECOMMENDS that the district judge DISMISS this case WITHOUT PREJUDICE.

---

[1] The Ninth Circuit has delineated five factors a district court must weigh in determining whether to dismiss a case for failure to comply with a court order: "1) the public interest; 2) the court's need to manage the docket; 3) the risk of prejudice to the defendant; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic alternatives." Bautista, 216 F.3d at 841 (citation omitted).

The parties are advised that any objection to this Finding and Recommendation is due seventeen calendar days after being served with a copy of this Findings and Recommendation. See Fed. R. Civ. P. 5(b)(2) & 6(d); Local Rule LR74.2.  If an objection is filed with the Court, it shall be captioned "Objections to Magistrate Judge's Findings and Recommendation." A copy of the objection shall be served on all parties.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, August 6, 2010.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**PATRICIA ELIZABETH NOSIE V. ASSOCIATION OF FLIGHT ATTENDANTS, ETC.; CIVIL NO. 10-00062 ACK-LEK; FINDING AND RECOMMENDATION THAT CASE BE DISMISSED WITHOUT PREJUDICE**