IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **PATRICIA ELIZABETH NOSIE,** ) | Civ. No. 10-00062 ACK-LEK |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **ASSOCIATION OF FLIGHT** ) | |
| **ATTENDANTS - CWA, AFL-CIO,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### ORDER REJECTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION WITHOUT PREJUDICE

#### BACKGROUND

On January 6, 2010, Plaintiff Patricia Elizabeth Nosie ("Plaintiff") filed a document titled "Lawsuit for Answers about, and Relief from, Such Treatment by Defendant that Resulted in Undue Suffering upon Plaintiff" in state court ("Complaint"). Plaintiff appears in this action pro se.

On February 3, 2010, Defendant Association of Flight Attendants - CWA, AFL-CIO ("Defendant" or "AFA") removed this action to federal court based on federal question jurisdiction. On February 11, 2010, Defendants filed a motion for a more definite statement on the grounds that (1) it was unclear whether AFA, Mark Stotik, or both were defendant(s) in this case, (2) Plaintiff did not include a short and plain statement of her claim, and (3) Plaintiff did not identify her causes of action.

This motion was denied by Magistrate Judge Leslie E. Kobayashi on March 18, 2010.  See Doc. no. 11.

On April 1, 2010, Defendants filed a motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted ("Defendants' First Motion to Dismiss").  See Doc. no. 12.

A scheduling conference pursuant to Rule 16 was scheduled for May 3, 2010, at 9 a.m. before Magistrate Judge Kobayashi.  Plaintiff did not appear and the Court was unable to contact her.  Accordingly, Magistrate Judge Kobayashi set a further Rule 16 scheduling conference for July 26, 2010, at 9 a.m.

On June 3, 2010, Plaintiff filed a "Plea to Court to Not Allow Removal of My Case," which the Court interpreted as a motion for remand.  See Doc. nos. 20, 21.  The Court held a hearing on Defendants' First Motion to Dismiss and Plaintiff's Motion for Remand on June 21, 2010.

On June 28, 2010, the Court issued an Order (1) Denying Plaintiff's Motion for Remand, and (2) Granting in Part, and Denying in Part, Defendant's Motion to Dismiss ("6/28/10 Order").  See Doc. no. 28.  In its 6/28/10 Order, as a preliminary matter, the Court found that the Complaint only alleged claims against Defendant AFA, and not Defendant Stotik.  6/28/10 Order at 14-18.  The Court proceeded to grant Defendant AFA's motion to dismiss

with regard to Plaintiff's duty of fair representation claim concerning AFA's decision not to take Plaintiff's grievance to arbitration.  Id. at 46.  The Court, however, denied Defendant AFA's motion to dismiss with regard to Plaintiff's duty of fair representation claim concerning AFA's alleged failure to challenge two character-damaging letters during the grievance process.  Id.  Further, the Court found that Plaintiff had withdrawn any claims alleging discrimination, but granted Plaintiff leave to file an amended complaint within thirty days to allege discrimination in violation of Title VII or the ADEA, or to allege a breach of the duty of fair representation based on discrimination.  Id.  The Court also granted Plaintiff leave to add Mark Stotik as a defendant, and to allege a breach of the duty of fair representation based on bad faith.  Id. 45-47.

      The further Rule 16 scheduling conference was held before Magistrate Judge Kobayashi on July 26, 2010.  Local counsel for Defendant AFA attended the hearing, and AFA counsel attended via telephone.  Plaintiff did not attend.  After the Court had adjourned its calender for the morning, Plaintiff called Magistrate Judge Kobayashi's chambers and "stated that she forgot about the scheduling conference because she was working on her amended complaint . . . ."  8/6/10 F&R at 2.  Plaintiff filed an amended complaint on July 28, 2010 ("Amended Complaint"),

3

which adds, inter alia, claims for discrimination under Title VII and the ADEA.  See Doc. no. 31.

On August 6, 2010, Magistrate Judge Kobayashi issued a Findings and Recommendation that this case be dismissed without prejudice on account of Plaintiff's failure to appear at the Rule 16 scheduling conferences and her failure to file a scheduling conference statement ("8/6/10 F&R").  See Doc. no. 32.

On August 17, 2010, Defendant AFA filed a motion to dismiss the Amended Complaint ("Defendant AFA's Second Motion to Dismiss").  See Doc. no. 17.  In its Second Motion to Dismiss, Defendant AFA primarily argues that Plaintiff's claims are untimely.  Defendant AFA's Second Motion to Dismiss is currently scheduled to be heard on November 15, 2010.

On August 18, 2010, Plaintiff filed an objection to Magistrate Judge Kobayashi's 8/6/10 F&R ("Pl's Obj.").  In her objection, Plaintiff explains that "because [she] was [g]ranted permission to amend [her] lawsuit, [she thought] all proceedings would begin again, starting with the Answer from Defendant . . . ."  Pl's Obj. at 1.  She further noted that "after several readings [of the Court's 6/28/10 Order,] it became crystal clear to [her that] . . . while Pro Se individuals are not treated on the same level as [a]ttorneys, [pro se individuals] are not exempt from knowing basic court proceedings . . . ."  Id. at 2.  In closing, Plaintiff states that she wishes to inform "this

4

Court and [Magistrate Judge Kobayashi] that [she is] taking [Magistrate Judge Kobayashi's] Recommendation to Dismiss very seriously, [w]ishing it to [become her] [w]arning from the Court of what will occur" if she continues to not comply with Court orders and deadlines.  Id. at 3.

On August 31, 2010, Defendant AFA filed a response to Plaintiff's objection ("Defendant AFA's Response").  Defendant AFA agrees with Magistrate Judge Kobayashi's recommendation to dismiss this case without prejudice on the grounds that Plaintiff's failure to attend the Rule 16 scheduling conferences were not substantially justified, and because the only remaining claim from the original Complaint (a duty of fair representation claim) is untimely.[1]

## STANDARD OF REVIEW

A district court reviews de novo those portions of a magistrate judge's findings and recommendation to which an objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Haw.

---

[1] In its 6/28/10 Order, the Court observed that Plaintiff's independent duty of fair representation claims were likely untimely, but declined to rule on the issue because Defendant AFA had not raised the issue.  See 6/28/10 Order at 41, 47.  The Court did not address whether Plaintiff's Title VII and ADEA claims would be timely if Plaintiff were to amend her complaint to allege these claims.  Defendant AFA's Second Motion to Dismiss, as discussed infra, argues that these claims are untimely as well.

5

Local Rule 74.2.  The district court may accept those portions of the findings and recommendation that are not objected to if it is satisfied that there is no clear error on the face of the record. Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003). The district court may receive further evidence or recommit the matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).  It may also consider the record developed before the magistrate judge.  D. Haw. Local Rule 74.2.  The district court must arrive at its own independent conclusions about those portions of the magistrate judge's report to which objections are made, but a de novo hearing is not required.  United States v. Remsing, 874 F.2d 614, 618 (9th Cir. 1989).

The Court finds that a hearing in this matter is neither necessary nor appropriate.  See D. Haw. Local Rule 7.2(d).

## DISCUSSION

Although pro se litigants are held to less stringent standards than those of their legal counterparts, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), Plaintiff's pro se status cannot excuse her from complying with the procedural or substantive rules of the Court.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

Fed. R. Civ. P. 16(f)(1) provides, in pertinent part:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> (A) fails to appear at a scheduling or other pretrial conference;
> . . . .
> (C) fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f)(1). Thus, a district court may "dismiss[] the action or proceeding in whole or in part" if a party fails to appear at a scheduling conference or fails to comply with a pretrial order. See Fed. R. Civ. P. 37(b)(2)(A)(v). "Dismissal is a harsh penalty, however, and should therefore be imposed only in extreme circumstances." Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

The Ninth Circuit has delineated five factors a district court must weigh in determining whether to dismiss a case for failure to comply with a court order: "1) the public interest; 2) the court's need to manage the docket; 3) the risk of prejudice to the defendant; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic alternatives." Id. at 841.

Because Plaintiff has objected to Magistrate Judge Kobayashi's 8/6/10 F&R, the Court reviews this matter de novo and must arrive at its own independent conclusions. See 28 U.S.C. § 636(b)(1); Remsing, 874 F.2d at 618. In Magistrate Judge Kobayashi's 8/6/10 F&R, she explains that on July 28, 2010, after

the Court had adjourned its calender for the morning, Plaintiff called her chambers and "stated that she forgot about the scheduling conference because she was working on her amended complaint . . . ."  8/6/10 F&R at 2.[2/]  In her objection, Plaintiff asserts that her reason "for not appearing . . . stems from [her] lack of judicial expertise," in that she believed that because this Court granted her leave to amend her complaint in its 6/28/10 Order, the Rule 16 scheduling conference would not go forward.  Pl's Obj. at 2.[3/]  Defendant AFA is correct in noting that this explanation differs from the explanation she gave Magistrate Judge Kobayashi over the telephone on July 28, 2010, but in both instances Plaintiff essentially states that her failure to attend was not willful, but instead was a result of either a mistake or a misunderstanding.

  Although Plaintiff is not excused from following the procedural rules that govern other litigants, her pro se status

---

[2/] The Court presumes that Plaintiff called Magistrate Judge Kobayashi's chambers after Court had adjourned because the Court had attempted to contact her that morning during the further Rule 16 scheduling conference.

[3/] The further Rule 16 scheduling conference was properly scheduled because Plaintiff's duty of fair representation claim concerning AFA's alleged failure to challenge two character-damaging letters during the grievance process, was not dismissed by the Court's 6/28/10 Order.  However, given Plaintiff's pro se status, the Court notes that it was arguably reasonable for Plaintiff to believe that the Rule 16 scheduling conference would be rescheduled, especially since the further Rule 16 scheduling conference was scheduled prior to the deadline this Court set for Plaintiff to amend her Complaint.

cannot be ignored altogether.  Magistrate Judge Kobayashi set forth a well-reasoned analysis in her 8/6/10 F&R.  For instance, she was correct in noting that Defendant AFA would not be prejudiced by dismissal and that the court's interest in managing the docket weighs in favor of dismissal.  Id.  However, it does not appear that Magistrate Judge Kobayashi was aware of the statute of limitations problems that would result from dismissal of this action without prejudice.

Defendant AFA's Second Motion to Dismiss primarily asserts that the claims in Plaintiff's Amended Complaint are untimely.[4]  Specifically, Defendant AFA asserts that Plaintiff's independent duty of fair representation claims fall outside of the six-month statute of limitations, which the Court has previously stated it was inclined to agree with.  See 6/28/10 Order at 41, 47.

Defendant AFA, however, also asserts that Plaintiff's Title VII and ADEA claims fall outside of the ninety day limitations period.  See Defendant AFA's Second Motion to Dismiss at 7.  Specifically, Defendant AFA notes that Plaintiff had ninety days to file a law suit against AFA after receiving her "Right to Sue" letter from the EEOC.  The Right to Sue letter is

---

[4] Defendant AFA's Second Motion to Dismiss also asserts that Plaintiff has failed to sufficiently allege facts to support her Title VII and ADEA claims.  See Defendant AFA's Second Motion to Dismiss at 9-14.

dated October 2, 2009, and Plaintiff filed her original Complaint on January 6, 2010.  Although the original Complaint was filed ninety six days after the date indicated on the Right to Sue letter, Plaintiff does not indicate in her original Complaint when she <u>received</u> the Right to Sue letter, such that it is arguably timely.  In its 6/28/10 Order, the Court found that Plaintiff had withdrawn her Title VII and ADEA claims.  <u>Id.</u> at 64.  Having been made aware that her case was properly removed to federal court, however, the Court granted her leave to amend her complaint to reassert or add these claims.  <u>Id.</u>  In its Second Motion to Dismiss, Defendant AFA asserts that, because Plaintiff "was adamant that she was not claiming discrimination in [her original] Complaint," the ninety-day deadline has long since past as the Court should look to the date that the Amended Complaint was filed (July 28, 2010).  <u>See</u> Defendant AFA's Motion to Dismiss at 7.  Despite this argument, however, there is a genuine dispute as to whether the newly asserted Title VII and ADEA claims should relate back to the date the original Complaint was filed (January 6, 2010).

If this action were to be dismissed without prejudice (requiring Plaintiff to file another complaint to pursue her claims), Plaintiff's Title VII and ADEA claims would then almost certainly be untimely.  Thus, dismissal of this action without prejudice would, in effect, be a dismissal with prejudice.  The

courts have long held that before a court dismisses an action without prejudice, it should inquire as to whether the statute of limitations has run on the plaintiff's claims.  See Lemoge v. United States, 587 F.3d 1188, 1195 (9th Cir. 2009) ("It is conceivable . . . that prejudice might result from a dismissal without prejudice if, for example, the statute of limitations has expired." (citing United States v. 2,164 Watches, More or Less, Bearing a Registered Trademark of Guess? Inc., 366 F.3d 767, 772 (9th Cir. 2004))); Jackson v. Torres, 720 F.2d 877, 879 (5th Cir. 1983) (remand was required for consideration of whether, in light of applicable statute of limitations, dismissal without prejudice or stay of action was preferable).

As the Fifth Circuit has held, where the applicable statute of limitation has run, dismissal of such an action is reviewed as one with prejudice.  Curtis v. Quarterman, No. 07-20374, 2009 WL 2351620, *1 (5th Cir. July 31, 2009) ("A dismissal without prejudice generally does not operate as an adjudication on the merits; however, where the applicable statute of limitations probably bars further litigation, the district court's dismissal should be reviewed as if the dismissal had been with prejudice").  Further,

> a dismissal with prejudice is an extreme sanction that deprives the petitioner of the opportunity to pursue his claim further.  Consequently, district courts have limited discretion to dismiss a claim with prejudice, and this court will affirm such a dismissal only where the history of the case

> indicates both (1) a clear record of purposeful delay or contumacious conduct by the petitioner and (2) an express determination that the best interests of justice would not be better served by lesser sanctions.

Id. (citing Millan v. USAA Gen. Indem. Co., 546 F.3d 321, 326 (5th Cir. 2008)).  Here, as noted supra, Plaintiff's failure to attend the Rule 16 scheduling conferences were not willful, but instead the result of either a mistake or a misunderstanding.  As such, dismissal with prejudice is not warranted.

In sum, Magistrate Judge Kobayashi was correct in her analysis, but it appears that she did not take into account the above-mentioned statute of limitations concerns.  Because of these statute of limitations concerns, the fourth factor (the public policy favoring disposition of cases on their merits) weighs heavily against dismissal.  Thus, the Court finds that the public policy favoring disposition of cases on their merits greatly outweighs the public interest in the expeditious resolution of this litigation and the court's interest in managing the docket, and that dismissal at this point in time would be inappropriate.  See Bautista, 216 F.3d at 841 ("Dismissal is a harsh penalty, however, and should therefore be imposed only in extreme circumstances.").  Plaintiff is advised, however, that if she fails to appear at a scheduling conference or fails to obey a scheduling order in the future, this action will be dismissed pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).

**CONCLUSION**

In conclusion, taking into consideration that Plaintiff is proceeding pro se and the fact that public policy favors disposition of cases on the merits, the Court REJECTS Magistrate Judge Kobayashi's 8/6/10 F&R to dismiss this case without prejudice.

IT IS SO ORDERED.

Dated:  Honolulu, Hawai'i, September 17, 2010.



_____
Alan C. Kay
Sr. United States District Judge

Nosie v. Association of Flight Attendants, CWA, AFL-CIO, Civ. No. 10-00062 ACK-LEK: Order Rejecting the Magistrate Judge's Findings and Recommendation to Dismiss this Action Without Prejudice